**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**_____ DIVISION**

RECEIVED
IN CLERK'S OFFICE

JAN 2 3 2017

U.S. DISTRICT COURT
MID. DIST. TENN.

Michael D. Robinson,
_____ (Name)

232452 ,
(Prison Id. No.)

_____ N/A ,
(Name)

_____ N/A ,
(Prison Id. No.)

Plaintiff(s)

Et al.;

v.

Corrections Corporation of America /Core. /Civic
(Name)

Cherry Lindamood (WARDEN)
(Name)

Defendant(s)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

*(List the names of all the plaintiffs filing this lawsuit. Do not use "et al." Attach additional sheets if necessary.)*

Civil Action No. _____
*(To be assigned by the Clerk's Office. Do not write in this space.)*

JURY TRIAL REQUESTED ✓ YES ___ NO

*(List the names of all defendants against whom you are filing this lawsuit. Do you use "et al." Attach additional sheets if necessary.)*

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS FILED**
**PURSUANT TO 42 U.S.C. § 1983**

I. **PARTIES TO THIS LAWSUIT**

A. Plaintiff(s) bringing this lawsuit:

1. Name of the first plaintiff: Michael D. Robinson
Prison I.D. No. of the first plaintiff: 232452
Address of the first plaintiff: NORTHEAST Correctional Complex (N.E.C.X.)
P.O. Box 5000, Mountain City, Tennessee, 37683

Status of Plaintiff: CONVICTED (✓)     PRETRIAL DETAINEE (___)

2. Name of the second plaintiff: N/A
Prison I.D. No. of the second plaintiff: N/A
Address of the second plaintiff: N/A
_____

Status of Plaintiff: CONVICTED (___)     PRETRIAL DETAINEE (___)

*(Include the name of the institution and mailing address with zip code for each plaintiff. If any plaintiff changes his or her address, he or she must notify the Court immediately. If there are more than two plaintiffs, list their names, prison identification numbers, and addresses on a separate sheet of paper.)*

B.  Defendant(s) against whom this lawsuit is being brought:

1.  Name of the first defendant: CCA / Core Civic
    Place of employment of the first defendant: CCA / Core Civic

    First defendant's address: 10 Burton Hills BLVD.
    NASHVILLE, TN, 37215

    Named in official capacity?      ✓ Yes       ___No
    Named in individual capacity?    ✓ Yes       ___No

2.  Name of the second defendant: Cherry Lindamood
    Place of employment of the second defendant: CCA / Core Civic - South Central Facility.
    P.O.Box 279, 555 Forrest Avenue, Clifton, TN. 38425
    Second defendant's address: P.O. Box 279, 555 Forrest Avenue,
    Clifton, TN. 38425

    Named in official capacity?      ✓ Yes       ___No
    Named in individual capacity?    ✓ Yes       ___No

*(If there are more than two defendants against whom you are bringing this lawsuit, you must list on a separate sheet of paper the name of each additional defendant, his or her place of employment, address, and the capacity in which you are suing that defendant. If you do not provide the names of such additional defendants, they will not be included in your lawsuit. If you do not provide each defendant's proper name, place of employment, and address, the Clerk will be unable to serve that defendant should process issue.)*

II.  **JURISDICTION**

A.  Jurisdiction is asserted pursuant to 42 U.S.C. § 1983 (applies to state prisoners). Jurisdiction is also invoked pursuant to 28 U.S.C. § 1343(a)(3).

    If you wish to assert jurisdiction under different or additional statutes, you may list them below:

III. **PREVIOUS LAWSUITS (The following information must be provided by each plaintiff.)**

A. Have you or any of the other plaintiffs in this lawsuit filed any other lawsuit(s) in the United States District Court for the Middle District of Tennessee, or in any other federal or state court?   ✓ Yes   ___ No

B. If you checked the box marked "Yes" above, provide the following information:

1. Parties to the previous lawsuit:

   Plaintiffs _Michael D. Robinson #232452_

   Defendants _CCA/Core Civic, Sean Brantley, Kelly Glarska, Cherry Lindamood, Jason Woodall_

2. In what court did you file the previous lawsuit? _Federal Court Middle District of Tennessee (Columbia)_
   (If you filed the lawsuit in federal court, provide the name of the District. If you filed the lawsuit in state court, provide the name of the state and the county.)

3. What was the case number of the previous lawsuit? _1:16-cv-00095_

4. What was the Judge's name to whom the case was assigned? _Senior Judge William J. Haynes Jr._

5. What type of case was it (for example, habeas corpus or civil rights action)? _Civil Rights Action_

6. When did you file the previous lawsuit? (Provide the year, if you do not know the exact date.) _10-31-2016_

7. What was the result of the previous lawsuit? For example, was the case dismissed or appealed, or is it still pending? _Pending_

8. When was the previous lawsuit decided by the court? (Provide the year, if you do not know the exact date.) _Pending - 12-19-2016 (12-20-2016)_

9. Did the circumstances of the prior lawsuit involve the same facts or circumstances that you are alleging in this lawsuit?   ✓ Yes   ___ No

*(If you have filed more than one prior lawsuit, list the additional lawsuit(s) on a separate sheet of paper, and provide the same information for the additional lawsuit(s).)*

## IV.     EXHAUSTION

A.  Are the facts of your lawsuit related to your present confinement?

  √ Yes          ___No

B.  If you checked the box marked "No" in question III.B above, provide the name and address of the prison or jail to which the facts of this lawsuit pertain.  N/A

_____

C.  Do the facts of your lawsuit relate to your confinement in a Tennessee state prison?

  √ Yes          ___No

  *(If you checked the box marked "No," proceed to question IV.G.  If you checked the box marked "Yes," proceed to question IV.D.)*

D.  Have you presented these facts to the prison authorities through the state grievance procedure?          √ Yes          ___No

E.  If you checked the box marked "Yes" in question III.D above:

  1.  What steps did you take?  exhausted all remedies!

  2.  What was the response of prison authorities?  Lt. Ward stated in my grievance for the supervisor's response? I did not approach him when I exited the cafeteria on May 5, 2016.

F.  If you checked the box marked "No" in question IV.D above, explain why not.  N/A

_____

_____

G.  Do the facts of your lawsuit pertain to your confinement in a detention facility operated by city or county law enforcement agencies (for example, city or county jail, workhouse, etc.)?          ___Yes          √ No

H.  If "Yes" to the question above, have you presented these facts to the authorities who operate the detention facility?          ___Yes          √ No

I.  If you checked the box marked "Yes" in question III.H above:

  1.  What steps did you take?  N/A

_____

2. What was the response of the authorities who run the detention facility? N/A

_____
_____

J. If you checked the box marked "No" in question IV.H above, explain why not. NOT
iN A detention or jail. I AM A state prisoner.

_____
_____

## V.    CAUSE OF ACTION

Briefly explain which of your constitutional rights were violated.

Eighth Amendment Violated- Under (Cruel AND Unusual
Punishment). Failure To Protect, Deliberate Indifference, Failure
To Promulgate Policies To Guide Subordinates Conduct. 42 U.S.C § 1983
28 U.S.C. § 1915 (A)

## VI.    STATEMENT OF FACTS

State the relevant facts of your case as briefly as possible. Include the dates when the incidents or events occurred, where they occurred, and how each defendant was involved. Be sure to include the names of other persons involved and the dates and places of their involvement.

If you set forth more than one claim, number each claim separately and set forth each claim in a separate paragraph. Attach additional sheets, if necessary. Use 8 ½ inch x 11 inch paper. Write on one side only, and leave a 1-inch margin on all 4 sides.

Inmate Bigbee Jr. #142829, made a threat to myself in the
dining hall on May 5, 2016 of robbing myself AND stabbing
myself when returning to the Unit Gemini A-pod. As I
exited the dining hall at approx. 2:45 p.m. I walked across
the yard to advise the yard-supervisor Lt. Ward of the
potential threat. In plain view standing possibly 2 feet
away from Lt. Ward, which can be seen on Milestone AND
Pelco-Video Monitor for the day of May 5, 2016 us two individuals
having a small conversation. I was completely ignored
of reporting the threat about to take place when returning
to my pod. I was told to tuck my shirt in; and to get off
(my) grass by said Lt. Ward! I did as I was told AND
returned to my pod Gemini A-pod only to become assualted
and robbed of my commisary and my sneakers. This entire
incident can be reviewed on footage on May 5, 2016 at S.C.C.F.
Milestone AND Pelco-Video Monitor!

**VII.    RELIEF REQUESTED**: State exactly what you want the Court to order each defendant to do for you.

Relief Requested: CCA to pay in the (SUM) of 30,000,000 U.S. Dollars (Million) in compensatory and punitive damages as well in pain and suffering. To pay in the (sum) of 10,000,000 for Post Traumatic Stress Disorder, Post Pardom Depression, Acute stress Disorder, Recurring Nightmares; All in Official Capacity and Individual Capacity. As the Assault (stabbing) made me susceptible to multiple psychological Injuries. Relief Requested by Warden Cherry Lindamood ⟶

I request a jury trial.    ✓ Yes    _____ No

**VIII.    CERTIFICATION**

I (we) certify under the penalty of perjury that the foregoing complaint is true to the best of my (our) information, knowledge and belief.

Signature: _Michael D. Robinson_    Date: _1-1-2017_
Prison Id. No. _C 232452_
Address (Include the city, state and zip code.): _Northeast Correctional Complex (N.E.CX.)_
_P.O.Box 5000, Mountain City, TN. 37683_

Signature: _N/A_    Date: _N/A_
Prison Id. No. _N/A_
Address (Include the city, state and zip code.): _N/A_

**ALL PLAINTIFFS MUST SIGN AND DATE THE COMPLAINT**, and provide the information requested above.  If there are more than two plaintiffs, attach a separate sheet of paper with their signatures, dates, prison identification numbers, and addresses.

**ALL PLAINTIFFS MUST COMPLETE, SIGN, AND DATE SEPARATE APPLICATIONS TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**, if not paying the civil filing fee.

**SUBMIT THE COMPLAINT AND (1) THE REQUIRED FILING FEE OR (2) COMPLETED APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES AND COSTS TOGETHER.** Complaints received without the required filing fee or application to proceed without prepayment of fees will be returned.  Filing fees and applications to proceed without prepayment of fees  submitted without a complaint will be returned.

Defendant (s)

• Corrections Corporation of America / Core Civic Et al; (NAME)

• Cherry Lindamood (CCA Warden-South Central Corr. Facity.) (NAME)

• SHANE McClain (Chief of Security for CCA-South Central.) (NAME)

• Lt. Ward (CCA-South Central Corr. Facility) Lieutenant.) (NAME)

# Complaint (Statement)

On May 5, 2016, approx 14:45 p.m. while eating lunch in the chow hall cafeteria. A inmate Roosevelt Bigbee Jr. #142829 approached myself in the chow hall demanding (2) packs of cookies. I refused to loan him those (2) packs of cookies. Mr. Bigbee Jr. started making threats; repeatedly sayin if I dont give him the cookies he was going to "Robb" me for all of my commisary, then he was going to "stab" me too, when we returned from the chow hall back to the unit Gemini A-pod! I went to the chow hall door to exit the building so I could advise the yard-supervisor of this robbery and stabbing about to take place in the unit Gemini A-pod. (But) the chow hall doors where locked to keep us from exiting the chow hall. When the doors finally where unlocked, I raced to the front of the line to catch the officer but he was gone away! Well, I witness (Lt. Ward) the yard-supervisor for the day of May 5, 2016. I immediately got out of line to walk across the Big yard to advise the yard-supervisor (Lt. Ward) of the threat to myself made by Mr. Bigbee! In plain sight out on the Big Yard inbetween the chow hall and my unit Gemini A-pod. It can be seen on Milestone Video Footage and Pelco-Video Monitor for the

(5.)

day of May 5, 2016 at approx. (14:45 p.m.) myself
Approach Lt. Ward to advise him of my life being
in danger at that time. I advised Lt. Ward;
I was about *to* become robbed and stabbed
by a inmate name Bigbee, upon my returning
from the chow hall back *to* the unit. I was
clearly ignored in told to tuck my shirt in, AND
to get off (my) grass! I complied by tucking my
shirt in AND getting off (his) grass! AND getting back
in line as I was told by a high ranking
Authority figure (Lt. Ward). I made it in the
unit where the pod officer was nowhere to
be found! I made it to my cell which the
officer left everyone's doors (rigged-up) so he
would not have to go around AND open the doors!
I raced in my cell 126 Bottom walk-way, to
hide my commisary AND to put on my coat to
protect myself from an assualt with a weapon; to
slow penetration down! I exited my cell 126
to look around for the officer of the pod so
I could warn him of needing protection right
then. But no officer was around! Mr. Bigbee
then approached myself and started stabbing
myself as I had to defend myself the best
way I could. I was assualted (8) times
by this Mr. Roosevelt Bigbee Jr # 142829

Case 1:17-cv-00004   Document 1   Filed 01/23/17   Page 9 of 109 PageID #: 9

At South Central Corr. Facility (CCA), in the
unit-pod Gemini A- on May 5, 2016 at exactly
(15:12 p.m.) ——

Time Assualt took place exactly. 15:12 p.m.

Investigation was concluded on 5/9/16 at 14:40
Revised and Reissued on 5/11/2016 & 7/15/2016

Vanderbilt Hospital Easy I.D. Bracelet
– Stat Treasure –

MRN - 040385817

D.o.B. - 4-27-75
41 yrs.old

ATTN. - Eastham, Shannon Calhoun

ATN# 027759

DOS. - 05/05/2016

ACCT.# 6355310916126

Total of (8) stabbings

1 - back of head
1 - collarbone
1 - left arm-pit / Next to heart
2 - Lower stomach
3 - Back
✳ All Life - Threattening Stab Wounds!

57


Department of
Correction

# MEMO

HB-213

Inmate Name: _Michael Robinson_     TDOC Number: _232952_

Institution: _SCC_     Housing Unit: _H-8 213_

Institution Grievance Number: _27682_     TOMIS Grievance Number: _362257_

Commissioner's Response and Reasons:

☐ Concur with Warden     ☑ Concur with Supervisor     ☑ Appeal Denied

_7-21-16_
Date

_Signature_
Deputy Commissioner of Operations

TP-1A

JUL 2 5 2016
BY: LS

Department of Correction • 6th Floor Rachel Jackson Building • 320 Sixth Avenue North •
Nashville, TN 37243 • Tel: 615-253-8180 • Fax: 615-253-1668 • tn.gov/Correction

577

INP 1551
S/s Mapks



# TENNESSEE DEPARTMENT OF CORRECTION
## INMATE GRIEVANCE RESPONSE

Michael Robinson        232452        SCCF HB-213        23682/302293
_____        _____        _____        _____
NAME                   NUMBER         INSTITUTION & UNIT    GRIEVANCE NUMBER

Summary of Evidence and Testimony Presented to Committee _____

_____

Inmate Grievance Committee's Response and Reasons *Inappropriate per Policy 501.01*

*Sec. VI C-1   7 Day Limitation*

7-7-16        *S.t Stages*                    _____
_____        _____                    MEMBER
DATE          CHAIRMAN

_____        _____        _____
MEMBER                 MEMBER                 MEMBER

Warden's Response:    Agrees with Proposed Response    [✓]

Disagrees with Proposed Response    [ ]

If Disagrees, Reason(s) for Disagreement _____

_____

Action Taken: _____

DATE: 7-8-16        WARDEN'S SIGNATURE: *(signature)*

Do you wish to appeal this response?    ✓ YES        NO

If yes:    Sign, date, and return to chairman for processing. Grievant may attach supplemental clarification of issues or rebuttal/reaction
to previous responses if so desired.

*Michael Robinson*        7-13-2016        *S.t Stages*
_____        _____        _____
GRIEVANT                 DATE                 WITNESS

Commissioner's Response and Reason(s): _____

RECEIVED

JUL 20 2016

OPERATIONS                    _____
                             SIGNATURE

Distribution Upon Final Resolution:
    White – Inmate Grievant    Canary – Warden    Pink – Grievance Committee    Goldenrod - Commissioner

CR-1393 (Rev. 3-00)                                                RDA 2244



# TENNESSEE DEPARTMENT OF CORRECTION
## INMATE GRIEVANCE RESPONSE

*Michael Robinson*     *232452*    *SCCF HB-213*    *23682 / 302293*
NAME          NUMBER      INSTITUTION & UNIT     GRIEVANCE NUMBER

Summary of Evidence and Testimony Presented to Committee _____

_____

Inmate Grievance Committee's Response and Reasons *Inappropriate per Policy 501.01*
*Sec VI C-1  7 Day Limitation*

*7-7-16*        *Sgt Stacey*
DATE            CHAIRMAN                 MEMBER

_____       _____       _____
     MEMBER                MEMBER            MEMBER

========================================================

Warden's Response:    Agrees with Proposed Response    ☑

Disagrees with Proposed Response    ☐

If Disagrees, Reason(s) for Disagreement _____

_____

Action Taken: _____

DATE: *7-8-16*     WARDEN'S SIGNATURE: *Lin Lamore*

Do you wish to appeal this response?   ✓   YES      _____ NO

If yes:   Sign, date, and return to chairman for processing. Grievant may attach supplemental clarification of issues or rebuttal/reaction to previous responses if so desired.

*Michael Robinson*      *7-13-2016*      *Sgt Stacey*
GRIEVANT             DATE            WITNESS

========================================================

Commissioner's Response and Reason(s): _____

_____

_____

_____           _____
      DATE                           SIGNATURE

Distribution Upon Final Resolution:

White - Inmate Grievant   Canary - Warden   Pink - Grievance Committee   Goldenrod - Grievant

CR-1393 (Rev. 3-00)                                              RDA 2244

INP/SST
S/S Maples



## TENNESSEE DEPARTMENT OF CORRECTION
## INMATE GRIEVANCE

Michael Robinson          232452          S.C.C.F. / Skylab-HB 213
NAME                      NUMBER           INSTITUTION & UNIT

DESCRIPTION OF PROBLEM: (Failure To Protect) Upon this incident that happen to me on May 5, 2016. I was stabbed multiple times in my pod Gemini A, at around 3:00 p.m. by an inmate by the—

REQUESTED SOLUTION: I request that Lt. Ward be reprimanded and relieved of staff, Title, Duties, as a result of his negligent and reckless behavior to keep me safe.

Michael Robinson                          May 27, 2016
Signature of Grievant                     Date

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

*TO BE COMPLETED BY GRIEVANCE CLERK*

23683/302293          5-31-16          Jeff Stagge
Grievance Number      Date Received     Signature Of Grievance Clerk

INMATE GRIEVANCE COMMITTEE'S RESPONSE DUE DATE: _____

AUTHORIZED EXTENSION: _____    _____
                          New Due Date              Signature of Grievant

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

### INMATE GRIEVANCE RESPONSE

Summary of Supervisor's Response/Evidence: Lt. Ward states I'm did not make any report to him of being robbed, I'm made no attempts to speak to A/s upon exiting the chow hall

Chairperson's Response and Reason(s): Inappropriate per Policy 501.01 Sec VI C-1 7 day limitation

DATE: 7-5-16          CHAIRPERSON: Jeff Stagge

Do you wish to appeal this response? __X__ YES    _____ NO

If yes:   Sign, date, and return to chairman for processing within five (5) days of receipt of first-level response.

Michael Robinson          7-6-16          C. Ruff
GRIEVANT                   DATE             WITNESS

Distribution Upon Final Resolution:
White – Inmate Grievant   Canary – Warden   Pink – Grievance Committee   Goldenrod – Commissioner (if applicable)

CR-1394 (Rev. 3-00)                    Page 1 of 2                    RDA 2244



**TENNESSEE DEPARTMENT OF CORRECTION**

**INMATE GRIEVANCE** (continuation sheet)

DESCRIPTION OF PROBLEM: NAMe of Rooseltvelt Bigsbee Jr. This "Threat," was MAde in the chow Hall on 5-5-16 by Mr. Bigsbee Jr. The threat was Mr. Bigsbee Jr. Telling Me if I did Not "LoAN" him (2) packs of cookies he was going to robb Me for my entire commisary bag when we return from the chow Hall, going back to the pod. I stated to Mr. Bigsbee Jr. I would NOT LoAN him anything. He told me he would see me back at the pod. On the way back to the pod at around 2:45 p.m. on 5-5-16. I Approached the yard-supervisor, which was Lt. WARD. I bluntly stated to him: I AM About to be robbed of my commisary when I return to my pod! Lt. WARD responce was "Tuck your shirt in and get back in line and stay off my grass! I did As I was Told. Return to the pod with the rest of the inmates; including the guy Mr. Bigsbee Jr. 5 minutes later I was stabbed (6) times to the point where I almost lost my life. I was Also robbed of my commisary AND my brand New sNeAKers. Do to Failure To Protect by CCA and their / Employees. This is my solution.

PS. Do to lateness of filing grievance is because it took me a couple weeks to recover from the stabbing. I AM just Now gaining my strength To move around.

Distribution Upon Final Resolution:
White - Inmate Grievant   Canary - Warden   Pink - Grievance Committee   Goldenrod - Commissioner (if applicable)

CR-1394 (Rev. 3-00)                    Page 2 of 2                                    RDA 2244

INP/SST
S Maples
Clerk

**TENNESSEE DEPARTMENT OF CORRECTION**
**RESPONSE OF SUPERVISOR OF GRIEVED EMPLOYEE OR DEPARTMENT**

DATE: 5-31-16

Please respond to the attached grievance, indicating any action taken.
Date Due: 6-3-16

302293/236082   Robinson Michael   233452
Grievance Number        Inmate Name        Inmate Number

A S/s Ward stated that he was in front of the chow hall all through chow & I/m Robinson 23245z did not attempt to him. Lt. Ward did not have any Knowledge of the situation that did occur and could not have prevented it in any way.

RECEIVED
JUL 0 5 2016
BY: S Staggs

SIGNATURE

6-30-14
DATE



**UNION SUPPLY**™ **Direct**

3321 Toy Road, PO Box 309,
Groveport, OH 43125
Phone: 855-247-4940
Fax: 888-857-6219
www.UNIONSUPPLYGROUP.com

REMIT TO:
P.O. Box 9018,
Rancho Dominguez
CA 90224-9018
Phone: 888.308.6466

10#

| INVOICE | |
|---|---|
| Date | Number |
| 4/15/2016 | INV3479111 |

Page  1  of  1

| SLMN | CUSTOMER # | SALES ORDER | PICK TICKET # | SHIP VIA | PAYMENT METHOD | | ORDER SOURCE |
|---|---|---|---|---|---|---|---|
| 411 | TN075Z | SO4311842 | PL3160247 | UPSFI | UAC | | Mail-C |

| BILL TO: | SHIP TO: | ATTENTION |
|---|---|---|
| | SOUTH CENTRAL CORRECTIONAL CENTER 555 W. FOREST STREET CLIFTON, TN 38425 | MICHAEL  ROBINSON 232452 , |

| QTY ORD | QTY SHPD | ITEM # | DESCRIPTION | SIZE | U/M | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|---|
| Special Notes No special notes. | | | | | | | |
| 1 | 1 | 1020088085 | REEBOK CLUB C MENS COURT SHOE WHITE | 8.5 | PR | 64.50 | 64.50 |

**Misc Charges**

| Code | Description | Quantity | Amount |
|---|---|---|---|
| IDCREDIT | ID Credit | 1.00 | -4.99 |

Tracking#1Z271E7F0395678696
Total Qty Shipped:      1

**Paid In Full**

** Component of a promotional item; Item will not be included in contents of package.

| SUBTOTAL | 64.50 |
|---|---|
| MISC CHARGES | -4.99 |
| SALES TAX | 6.29 |
| TOTAL | 65.80 |
| AMOUNT RECEIVED | 65.80 |
| REFUND ISSUED | 0.00 |

— Copy Made —

**Sick Call Request** Emergency Attention

Inmate Name: Michael Robinson

TDOC#: 232452

Today's Date: 7-15-2016

Work Assignment: N/A

Hours Worked: N/A

Housing Unit: HB-213

Reason for requesting Health Service Appointment (BE SPECIFIC):

I turned in a sick call requesting to recieve medical attention on 7-9-2016 About the stabbin in my lower right side of my abdominal area causing me great pain. It is a very sharp pain inside my stomach. I was stabbed on May 3, 2016.

Inmate Signature: — Michael Robinson —

Print Name: — Michael Robinson —

I have yet to be seen About this problem I am having.

S.C.C.F.

On May 22, 2016 - Seventeen (17) days after the stabbing AND Robbery took place in Gemini A-pod on May 5, 2016. I filed a grievance because I was placed right back in the unit with the individual Roosevelt Bigbee Jr. #142829. Mr. Bigbee was in Skylab-HD-102 on May 22, 2016. I was placed in Skylab-HD-201 right above him. I filed a grievance on this issue. My grievance was sent back to myself (unanswered) AND I was moved to Skylab-HB-213. But in my grievance I stated there should be incompatibles on us both. That was May 22, 2016. On this incompatible list. Mr. Roosevelt Bigbee was placed as an incompatible (2) months after the assualt. I felt like I was being set-up for failure again, two ways?

① Placed back in the pod Skylab-HD with my assualter.

② There should have been an incompatible placed on myself the same day I was flown to the hospital. Why did it take 2 full months, after constant request to place incompatibles on us??

3#



TENNESSEE DEPARTMENT OF CORRECTION

**INAPPROPRIATE GRIEVANCE NOTIFICATION**

| To: | **ROBINSON, MICHAEL** | **232452** | **HD-201** |
|---|---|---|---|
| | INMATE NAME (Printed) | TDOC NUMBER | HOUSING UNIT |

FROM: **Leigh Staggs** , Grievance Chairperson

DATE: **May 25, 2016**

SUBJECT: **Transfer**

**THIS GRIEVANCE IS INAPPROPRIATE TO THE GRIEVANCE PROCEDURE.** Your Grievance is being returned to you due to the following reason(s):

1. Disciplinary matters are inappropriate to the Grievance Procedure. [Policy #501.01 VI.(H)(1)]
2. Appealing decisions or actions of any agency outside the Tennessee Department of Correction (TDOC) is inappropriate to Grievance Procedure. [Policy #501.01 VI.(H)(2)]
3. Classification matters/institutional placement are inappropriate to Grievance Procedure. [Policy #501.01 VI.(H)(3)]
4. Appealing or seeking review of sentence credits. [Policy #501.01 VI.(H)(4)]
5. Grievance Procedure cannot award monetary compensation for injuries or property loss. [Policy #501.01 VI.(H)(5)]
6. Addressing questions regarding sentence structures. [Policy #501.01 VI.(H)(6)]
7. Visitor's behavior which results in disciplinary action. [Policy #501.01 VI.(H)(7)]
8. A diagnosis by medical professionals and medical co-pay is inappropriate. [Policy #501.01 VI.(H)(8)]
9. Security Threat Group (STG) Placement. [Policy #501.01 VI.(H)(9)]
10. Mail rejection. [Policy #501.01 VI.(H)(10)]
11. You have already filed a grievance on this issue. Inmates shall not be permitted to submit more than one grievance arising out of the same or similar incident. [Policy #501.01 VI.(I)(1)]
12. Abuse of Grievance Procedure. You can only have one grievance pending at Level 1 for review. [Policy #501.01 VI.(I)(2)]
13. Profanity, insults, and racial slurs, unless an alleged direct quote of another party, shall not be permitted. Threats may result in disciplinary action. [Policy #501.01 VI.(I)(3)]
14. Grievances must be filed within seven calendar days of the occurrence giving rise to the grievance. A complaint shall not address multiple issues. [Policy #501.01 VI.(C)(1)]

**THIS GRIEVANCE IS UNABLE TO BE PROCESSED DUE TO YOU NOT FOLLOWING POLICY.** Grievance forms not properly completed or contain insufficient information for processing shall be returned to the Inmate with instructions as to proper completion. [Policy #501.01 VI.(C)(1)] Your grievance is being returned to you due to the following reason(s):

1. No specific details, i.e. dates, times, names of persons involved as mandated in *Inmate Grievance Handbook*, Page 7, First Level of Review.
2. You did not: a) Sign and date, and/or b) state your "Requested Solution"
3. Grievance shall be submitted on Form CR-1394 pages 1 and 2. All copies must be legible and intact. [Policy #501.01 VI.(C)(1)
4. **Your issues have been addressed to the appropriate staff & are being addressed.**

_____

_____

_____

*Reminder:* *You have **SEVEN CALENDAR DAYS** FROM THE DATE THE INCIDENT OCCURRED to submit a grievance. If you are still interested in filing this grievance, please make the necessary corrections and return to Grievance Office for further processing immediately. If you would like to appeal this response, sign the bottom of your grievance, check "yes" then date it and place (with this coversheet) back in the grievance box. If you have any questions regarding this memo, please have your Unit Officer contact me at Ext._____to schedule an appointment. TDOC Policy and Procedure are available in the library.*

SCO Leigh Staggs
Grievance Chairperson

3#



# TENNESSEE DEPARTMENT OF CORRECTION
## INMATE GRIEVANCE

**Michael Robinson**
NAME

**232452**
NUMBER

**S.C.C.F.** / **HD-201**
INSTITUTION & UNIT

SKYLAB

DESCRIPTION OF PROBLEM: The problem is that I have been stabbed 6 times, by a guy name Rooseltvelt Bigsbee JR. who is in the pod with me after the stabbing. I was life flighted to

REQUESTED SOLUTION: Ship me away from this prison. I fear for my life because of Rooseltvelt Bigsbee JR. and his Muslim/Vice Lord brothers might take my life.

**Michael Robinson**
Signature of Grievant

**5-22-16**
Date

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

*TO BE COMPLETED BY GRIEVANCE CLERK*

_____      _____      _____
Grievance Number                     Date Received                     Signature Of Grievance Clerk

INMATE GRIEVANCE COMMITTEE'S RESPONSE DUE DATE: _____

AUTHORIZED EXTENSION: _____      _____
                                              New Due Date                          Signature of Grievant

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

### INMATE GRIEVANCE RESPONSE

Summary of Supervisor's Response/Evidence: _____

_____

_____

Chairperson's Response and Reason(s): _____

_____

_____

DATE: _____      CHAIRPERSON: _____

Do you wish to appeal this response? _____ YES _____ NO

If yes:   Sign, date, and return to chairman for processing within five (5) days of receipt of first-level response.

_____      _____      _____
GRIEVANT                                  DATE                                  WITNESS

Distribution Upon Final Resolution:

White — Inmate Grievant   Canary — Warden   Pink — Grievance Committee   Goldenrod — Commissioner (if applicable)

CR-1394 (Rev. 3-00)                          Page 1 of 2                          RDA 2244

3#





**TENNESSEE DEPARTMENT OF CORRECTION**

**INMATE GRIEVANCE**     **(continuation sheet)**

DESCRIPTION OF PROBLEM: Vanderbilt Hospital. I was stabbed in places where doctors say he tried to murder me. I almost lost my life because of lack of security at this prison. I fear for my life to even be at the same prison with this man. Yet this man is in the same pod with me. And freak incident could happen in this pod where he could finish the job of murdering me. I need to be moved away from this inmate as soon as possible. This violates my rights concerning my safety. There should be incompatables on us both. I thought I was on protected custody. Why am I in the pod with a man who tried to kill me just a couple of weeks ago?

Distribution upon final resolution:

White – Inmate Grievant    Canary – Warden    Pink – Grievance Committee    Goldenrod – Commissioner (if applicable)

CR-1394 (Rev. 3-00)

```
 LTFE                        TRUST FUND TRANSACTIONS          DATE:   10/26/16
 BI44Y07                             SELECT                   TIME:   02:21

 Account:  00232452  ROBINSON, MICHAEL                  Actual Site:    SCCF
 Status:    ACTV  Sex:  M Race:  B Age:    41           Assigned Site:  SCCF
 Current Balance:         21.38  Pending Balance:
                    Seq    Transaction             Trans
 S   Trans Date     No   Type/Code/Amount          Site  Current Amount  Pend Amount
 ---  ----------    ----  --------------------     -----  --------------  ------------
      06/08/2016     1   D   COM        57.82      SCCF          30.13
      06/03/2016     1   C   VIC        80.00      SCCF          87.95
      06/02/2016     1   D   COM         3.60      SCCF           7.95
      05/26/2016     1   D   COM        38.50      SCCF          11.55
      05/17/2016     1   D   DBD         5.00      SCCF          50.05
      05/13/2016     1   D   ITS        10.00      SCCF          55.05
      05/12/2016     1   C   PAD        19.50      SCCF          65.05
      05/03/2016     1   D   COM        39.02      SCCF          45.55
      04/27/2016     1   D   COM        69.74      SCCF          84.57
      04/26/2016     1   C   VIC        50.00      SCCF         154.31
 Search:
 NEXT FUNCTION:           DATA:
 F1-HELP      F4-FIRST       F7-PAGE UP     F8-PAGEDOWN   F9-QUIT       F11-SUSPEND
```

Date: 10-26-2016  Time: 14:22:19.00

- Took order on 5/03/2016 for commisary.
- Brought commisary to myself on 5/05/2016, the day of the stabbing and Robbery of commisary.
- Total amount robbed for was $39.02

# INCIDENT STATEMENT

| Facility | South Central Corr. Facility | Incident Number | |
|---|---|---|---|

| Incident Date | 5-5-2016 | Incident Time (HRS) | 15:12 p.m. |
|---|---|---|---|

| Person Name | ID Number (Employee #/Inmate #/Civilian ID) | Person Type (Employee/Inmate/Civilian) | Person Role (Witness or Participant) |
|---|---|---|---|
| Michael D. Robinson | 232452 | Inmate | Participant |

| Housing Location (For Inmates/Residents Only) | Gemini A pod - Cell 126 |
|---|---|

**Based on your own knowledge, what did you see, hear, and do?** ON MAY 5, 2016 I WAS threathen by AN inmate Roosevelt Bigbee Jr #142829 in the cafeteria. I was told I was going to be robbed and stabbed upon my returning to the unit Gemini A-pod. I reported the threat to the yard-supervisor Lt. WARD. I WAS ignored AND told to tuck my shirt in, AND get off (MY) grass. I did as I was told AND return back to the unit where I WAS stabbed in the upper-body 8 times AND robbed of MY commissary AND MY sneakers. I WAS life-flighted by helicopter to Vanderbilt Hospital in NASHVILLE, TENNESSE.

| Did you receive any injuries? (YES) or NO (If YES, Explain Below) | 8 stab wounds in upper-body. |
|---|---|

| Were you evaluated by medical? (YES) or NO | VANDERBILT Hospital. |
|---|---|

| Printed Name: | Michael D. Robinson | | |
|---|---|---|---|
| Signature: | MR. | Date: | 5-17-2016 |
| Typed By: | | Date: | 5-17-2016 |

This section to be completed by CCA staff if the civilian/other or inmate/resident refused to complete the 5-1C.

Place an "X" in the appropriate box:

| | Inmate/Resident refused to complete this 5-1C |
|---|---|
| | Civilian/Other refused to complete this 5-1C |

| Employee/Witness Printed Name | | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

| Employee/Witness Printed Name | | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

9/2/08

Proprietary Information – Not For Distribution – Copyrighted

Property of Corrections Corporation of America

```
LIBA                          INCOMPATIBLES              DATE:  09/21/16
BI44Y07                          SELECT                  TIME:  01:23 PM

 Person ID:  00232452  ROBINSON, MICHAEL
   Status:   ACTV   Sex:  M   Race:  B    Age:      41  Actl Site ID: SCCF
   Custody Level:  MED        Cell:  13   Bed:  A       Asgn Site ID: SCCF

       Incomp                                Actl Asgn Date          Date
   S  Person   Incompatible Name        STG  Site Site Approved      Removed
      -------  ----------------------   ---  ---- ---- ---------     ---------
      00142829 BIGBEE, ROOSEVELT JR      C   WTSP WTSP 07/05/2016
      00242960 JONES, KEVIN              C   MCCX MCCX 10/03/2014
      00523881 DAVIS, DUSTIN             S             05/08/2014
      00132925 HUMPHREY, DARREL L.                     04/25/2000
      00103220 CAMPBELL, JEFFREY             TTCC TTCC 10/15/1999




   NEXT FUNCTION:          DATA:
   F1-HELP      F4-FIRST      F9-QUIT       F11-SUSPEND

   BOTTOM OF LIST
```

Date: 09-21-2016  Time: 13:23:10.13

HB-213

```
 LIBA                    INCOMPATIBLES              DATE:  06/22/16
 BI44Y07                    SELECT                   TIME:  09:18 AM
```

```
 Person ID:  00232452   ROBINSON, MICHAEL
    Status:   ACTV   Sex: M   Race: B     Age:   41  Actl Site ID: SCCF
    Custody Level: MED        Cell: 13   Bed: A        Asgn Site ID: SCCF
```

```
   Incomp                                    Actl  Asgn  Date        Date
 S Person   Incompatible Name          STG   Site  Site  Approved    Removed
 - ------   ---------------------------  ---  ----  ----  ---------   ---------
   00242960 JONES, KEVIN                 C    MCCX  MCCX  10/03/2014 — 4
   00523881 DAVIS, DUSTIN                S                05/08/2014 — 3
   00132925 HUMPHREY, DARREL L.                              04/25/2000 — 2
   00103220 CAMPBELL, JEFFREY                 TTCC  TTCC  10/15/1999 — 1
```

```
 NEXT FUNCTION:        DATA:
 F1-HELP       F4-FIRST      F9-QUIT       F11-SUSPEND

 BOTTOM OF LIST
```

Date: 06-22-2016   Time: 09:19:00.93

with him not an incomp
why is he not an incomp

● Still NO Roosettveft Bigsbee JR.

Placed As incompatible after multiple

Attempts to Add... 6-22-2016

● Also talked to WARDEN LINDAMOOD

on 6-24-2016 during inspection in HB-213
About the inmate who stabbed me is still not AN
incompatible on this day of June. This would be
on Pelco-Video monitor, her standing At my doore
talking to me. Her response was she'd look into
it. Then she walked off from my dooce. The time I

6-24-2016
This issue is
causing stress
for me. I still
feel my life is at risk

Warden Lindamood also stated
she remembers the incident.

INCOMPATIBLES
SELECT

DATE: 06/08/16
TIME: 11:52 AM

Person ID: 00232452   ROBINSON, MICHAEL
Status: ACTV   Sex: M   Race: B   Age: 41   Actl Site ID: SCCF
Custody Level: MED   Cell: 213 *Skylab*   Bed: A   Asgn Site ID: SCCF

| S Person | Incompatible Name | STG | Site Site | Asgn Site | Date Approved | Date Removed |
|---|---|---|---|---|---|---|
| 00242960 | JONES, KEVIN | | | | | |
| 00523881 | DAVIS, DUSTIN | C | MCCX | MCCX | 10/03/2014 -4 | |
| 00132925 | HUMPHREY, DARREL L. | S | | | 05/08/2014 -3 | |
| 00103220 | CAMPBELL, JEFFREY | | TTCC | TTCC | 04/25/2000 -2 | |
| | | | | | 10/15/1999 -1 | |

BOTTOM OF LIST

NEXT FUNCTION:          DATA:
F1-HELP    F4-FIRST    F9-QUIT    F11-SUSPEND

*Handwritten annotations:*

Cannot go to this prison due to my other incompatible there at Trousdale Prison T.T.C.

No Roosevelt Bigsbee Jr. placed as incompatible. This is crazy!!

```
LIBJ                         INCIDENTS                     DATE:   07/15/16
BI44Y07                 INCIDENT DESCRIPTION               TIME:   03:04 PM


Incident ID:  01211312
    Site ID:  SCCF    SOUTHCENTRAL CORRECTIONAL CENTER

         Incident Date:  05/09/2016        Incident Time:  02:40 PM
Description:
    ON 5-9-16 AT APPROX 1440 HRS I U/M WHITE, CONCLUDED AN INVESTIGATION
    INTO AN INCIDENT THAT OCCURED IN GEMINE A POD ON 5-5-16 APPROX 1512
    HRS.  I CONCLUDED THAT I/M BIGBEE #142829 DID ASSUALT I/M ROBINSON #
    232452 WITH A HOMEMADE WEAPON THAT DID RESULT IN OUTSIDE MEDICAL
    TREATMENT.  I AM REQUESTING RESTITUTION FOR ALL OUTSIDE MEDICAL
    TREATMENT.  I U/M WHITE AM CHARGING INMATE BIGBEE #142829 WITH ASSAULT
    ON AN OFFENDER WITH WEAPON.  TDOC TURMAN WAS NOTIFIED AT 1440 HRS.
    CONFIDENTIALS KEPT IN INTERNAL AFFAIRS.  THIS IS A REISSUE.

Reported by Staff ID:  WHITRO16   WHITE, RONNIE
Prepared by Staff ID:  HAMMMA03   Date:  05/11/2016

NEXT FUNCTION:        DATA:
F1-HELP       F5-PREVIOUS  F6-NEXT       F9-QUIT      F10-REFRESH  F11-SUSPEND

BOTTOM OF LIST
```

Date: 07-15-2016   Time: 15:04:10.15

① Shouldn't Assault really say (Aggravated Assault?)

② Shouldn't Assault on AN offender with weapon really say Aggravated Assault on AN offender with (deadly weapon?)

③ Ask Mr. Cooper!!

```
 LIBA                          ┌─────────────────┐          DATE:  07/15/16
 BI44Y07                       │  INCOMPATIBLES  │          TIME:  02:08 PM
                               │     SELECT      │
                               └─────────────────┘

 Person ID:  00232452   ROBINSON, MICHAEL
    Status:  ACTV   Sex:  M   Race:  B    Age:   41  Actl Site ID: SCCF
    Custody Level:  MED       Cell:  13   Bed:  A     Asgn Site ID: SCCF

     Incomp                                 Actl  Asgn  Date        Date
 S   Person  Incompatible Name          STG Site  Site  Approved    Removed
 -   ------  --------------------------- --- ----  ----  ---------  ----------
     00142829 BIGBEE, ROOSEVELT JR        C   WTSP  WTSP  07/05/2016
     00242960 JONES, KEVIN                C   MCCX  MCCX  10/03/2014
     00523881 DAVIS, DUSTIN               S               05/08/2014
     00132925 HUMPHREY, DARREL L.                         04/25/2000
     00103220 CAMPBELL, JEFFREY                   TTCC  TTCC  10/15/1999




 NEXT FUNCTION:         DATA:
 F1-HELP      F4-FIRST     F9-QUIT      F11-SUSPEND

 BOTTOM OF LIST
```

Date: 07-15-2016  Time: 14:08:14.31

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

Michael D. Robinson
_____
Plaintiff(s),

v.

Correction Corporation of America/Core Civic
_____
Defendant(s). Et al;

Case Number _____

Judge _____

Magistrate Judge _____

— Failure To Protect —
_____
(Type of Pleading)

• CCA/Core Civic - Failure To Protect, violation of the prisoner's rights under cruel AND unusual — punishments "Clause" of the Federal Constitution's Eighth Amendment - CCA/Core Civic-

• Failure To Protect, violated A Agency policy of CCA - policy 14-4.4(F) * Protection from Personal Abuse, Verbal Abuse, Personal Injury, Disease, Corporal- Punishment, Property Damages AND Harassment.


• Ingraham v. Wright, 430 U.S. 651 (1987). The defendants (cca) have a constitutional duty to protect the (plaintiff) from the harmful conduct of fellow inmates. McGhee v. Foltz, 852 F.2d 876, 880-881 (6th circuit. 1988). Thus, a constitutional—

- Vidation occurrs when a prison official has been deliberately indifferent to the plaintiffs risk of injury. Helling v. McKinney, 509 U.S. 25-33-113 - Set 2475 (1993). Prison officials must take reasonable measures to protect prisoners from assualt by other inmates. Farmer v. Brennan, 511 U.S. at 845. [1970 (1994)]. A prisoner need not wait until an assualt has occurred before obtaining injunctive relief.

• CCA's employee's failed to properly protect the plaintiff as they were required to do.

• FARMER V. BRENNAN, 511 U.S. 825, 114 S.Ct. 1970, 1982-84 (1994). A prisoner who is in danger need not wait until an assualt has occurred before, obtaining relief. FARMER V. Brennan, 511 U.S. 825, 834 (1994).

• CCA/CoreCivic failed to protect myself when they allowed me to get Robbed and stabbed (8) times in the upper-body. My safety AND my health have been in harms way.

_____
(Signature)

Michael D. Robinson
(Print Name)

10 Burton Hills BLVD.

Nashville, TN. 37215

CCA/Core Civic
(Address & Telephone Number, if any)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the (pleading)_____
has been served on:

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

on the _____ day of _____, 20_____.

                              _____
                              Signature

## Statement Of Facts

○ Claims in Official Capacity against: CCA/Core Civic
Failure To Protect, violation of the prisoner's
rights under the cruel and unusual punishments
clause of the Federal Constitution's Eighth Amendment.
Under= 42 U.S.C. §1983 Civil Rights
Under= 28 U.S.C.§ 1915 (A).

○ Ingraham v. Wright, 430 U.S. 651 (1987). The
defendants have a constitutional Duty to protect
the inmate (Plaintiff) from harmful conduct of fellow inmates.

○ Roland v. Johnson, 856- F.2D -764, 767-770
(6th Circuit 1988). The Failure of Higher up CCA-
officials to train or supervise there Subordinates,
establishes Liability for the Defendant Corrections
Corporation of America/Core Civic. This takes the
form of Failure To Promulgate Policies To
Guide Subordinates Conduct.

○ Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970,
1982-84 (1994). A prisoner who is in danger
Need Not wait until an assualt has occurred
before obtaining relief.

○ Farmer v. Brennan, 511 U.S. 825, 834 (1994).
○ Kentucky v. Graham, 473 U.S. 1959 165-166 (1985).

# Statement of Facts

- Claims in Individual Capacity Against-CCA/CoreCivic Failure To Protect, violation of the prisoner's rights under the cruel AND UNUSUAL punishments clause of the Federal Constitutional Eighth — Amendment.
  Under- 42 U.S.C. § 1983 Civil Rights
  Under- 28 U.S.C. § 1915 (A).

- Ingraham v. Wright, 430 U.S. 651 (1987). The defendants have a constitutional Duty to protect the inmate (plaintiff) from harmful conduct of fellow inmates.

- Roland v. Johnson, 856-F2D-764, 767-770 (6th Circuit 1988). The failure of Higher up CCA — officials to train or supervise there Subordinates, establishes Liability for the Defendant Corrections Corporation of America/Core Civic. This takes the form of Failure To Promulgate Policies to Guide Subordinates Conduct.

- Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 1982-84 (1994). A prisoner who is in danger Need not wait until an assualt has occurred before obtaining relief.

- Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Statement of Facts Continued
In its Individual Capacity. CCA-

• Kentucky V. Graham. 473 U.S. 159, 166
(1985). Plaintiff must show that CCA's
"" policy or custom"... played a part in the
violation of the federal law."

- Relief Requested: CCA/Core Civic

- CCA/Core Civic - IN OFFicial Capacity - Request in the (sum) of 30,000,000 million U.S. Dollars, in compensatory AND punitive damages, As well in pAIN AND suffering. To pAY in the (sum) of 10,000,000 million U.S. Dollars for Post Traumatic Stress Disorder, Post Pardom Depression, Acute Stress Disorder, Recurring Nightmares; All in OFFicial Capacity. As the Assualt (stabbing) made me susceptible to multiple psychological Injuries.

- PlAintiff request (All) disciplinary write-ups starting from 5-5-2016 deleted from records.

- Plaintiff request All (expenses) from disciplinary write-ups AND medical withdrawals, restored back to his Account from 5-5-2016 forward till transfer from CCA/ Core Civic.

- PlAintiff request All (funds) from family sent to his Account from 5-5-2016 forward, till transfer from CCA/Core Civic to be restored to his Account, due to not having A job while locked down in Skylab - HB - 213.

Relief Requested: CCA/Core Civic in Official
Capacity Continued.

- Plaintiff request all (credit days) restored from
medium security level to become restored from
5-5-2016 forward, till transfer from CCA/Core Civic

- Plaintiff request to move from Any (security) to
minimum security immediately.

②

Relief Requested: <u>CCA / Core Civic - OFFicial Capacity</u>

○ Plaintiff request to be (housed) At Special Needs on staff until released from prison immediately.

○ Plaintiff requested (#104.87) to be restored to Account from being robbed of commisary AND sneakers while in Vanderbilt Hospital.

○ Plaintiff request to be (erased) from package restriction At ANY class infraction.

* Plaintiff request ANY AND EVERY dollars rewarded from settlement or trial to be "free" from ANY obligations of how to handle winnings, from OFFicial AND individual capacity, immediately. No (freeze) on winnings!

○ Plaintiff request to be ("Barred") from <u>all</u> CCA/Core Civics facilities permantely.

○ Plaintiff request (#85.00) U.S. Dollars in commisary for food, Hygiene, Etc. every week until released from T.D.O.C. prison. (Maximum Amount)

* Plaintiff request (All) CCA defendants to be terminated immediately, At South Central!

Pg. 3

In Order to Establish an Eighth Amendment Claim, an inmate must satisfy a two-prong test:

(1). I advised the yard supervisor on May 5, 2016 at approx. 3:00 p.m. in plain view outdoors between the chowhall and my unit. I advised the Lt. Ward standing out in the middle of the front yard; I approached him in the middle of the yard and stated to the yard supervisor Lt. Ward for the day of May 5, 2016, that I was about to become robbed and stabbed by a inmate name Bigsbee Jr. upon my returning to the unit from chow. But (Lt. Ward) stated tuck your shirt in, and get off (my) grass. Lt. Ward simply ignored my warning! I was deprived of needed protection.

The deprivation Alleged must be objectively serious:

This deprivation alleged is objectively serious in its Official Capacity and its Individual Capacity.

In Order to Establish AN Eighth Amendment Claim, AN inmate must satisfy a two-prong test:

(2). The official responsible for the deprivation must have exhibited Deliberate Indifference to the inmate's health or safety. FARMER V. BRENNAN, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

Deliberate Indifference; FAilure TO Protect - I advised staff (WARD), that I was about to become robbed AND stabbed by a inmate name Bigsbee JR. upon my returning to the unit from chow. But (WARD) stated tuck your shirt in AND get off (my) grass. Lt. WARD simply ignored my warning. I returned to my unit AND was assualted AND robbed in the (middle) of the unit in plain sight to the Milestone entire unit, AND c/o to witness this assualt. Pelco-video Video Monitor witnessed the assualt too. Lt. WARD exhibited Deliberate Indifference to my safety. Lt. WARD were negligent AND showed obvious reckless disregard, because I advised Lt. WARD of this potential assualt, but Lt. WARD knowingly chose to disregard my plea for protection, AND thereby failed to act reasonably to protect myself from said Assualt! Lt. WARD showed Deliberate - Indifference to my safety under Official AND Individual capacity.

<u>CCA Policies Violated in OFFicial Capacity.</u>
<u>- Demonstration -</u>

<u>CCA voilated the policy</u> 14-4.4-F* Protection
from Personal Abuse, Verbal Abuse, Personal-
Injury, Disease, Corporal Punishment, Property
DAMAGES AND HarassMent.

Michael D. Robinson was Not protected from
Personal Injury AND Harassment, Verbal Abuse,
Personal Abuse ON MAY 5, 2016 from CCA/CoreCivic
AND its staff.

<u>CCA violated the policy</u> 14-4.4-L* Protection
from INMATES/Residents having power or
Authority over Another INMATE/Resident. <u>All</u>
INMATES/Residents will be supervised and under
the control of trained staff or trained volunteers
at <u>All</u> times. IN No case will an inmate/Resident
be given Power of Authority over Another
Inmate/Resident.

Michael D. Robinsons protection from Personal Injury
was violated by CCA Policy AND Eighth AMendMent,
because inmate Bigsbee was not being supervised
AND under the control of trained staff or trained
volunteers at <u>All</u> times.

<u>CCA Policies Violated in Individual Capacity.</u>
<u>- Demonstration -</u>

<u>CCA violated the policy 14-4.4-F</u> * Protection
from Personal Abuse, Verbal Abuse, Personal
Injury, Disease, Corporal Punishment, Property
DAMAGES AND Harassment.

Michael D. Robinson WAS Not protected from
Personal Injury AND Harassment, Verbal Abuse,
Personal Abuse on MAY 5, 2016 from CCA/Core Civic
AND its Staff (WARden Cherry Lindamood) AND
(Lt. WArd), (Chief of Security Shane McClain)

<u>CCA violated the policy 14-4.4-L</u> * Protection
from Inmates/Residents, having power or
Authority over Another Inmate/Resident. <u>All</u>
INmates/Residents will be supervised AND under
the control of trained staff or trained volunteers
At <u>All</u> times. In No case will An inmate/Resident
be given Power of Authority over Another
Inmate/Resident.

Michael D. Robinson, protection from Personal
Injury WAS violated by CCA Policy AND the
Eighth Amendment, because inmate Bigsbee
WAS Not being supervised AND under the
control of trained staff or trained volunteers At <u>All</u> times.

# Demonstrate

CCA/CoreCivic- Staff are improperly trained
To care for the inmates concerns AND needs!
CCA/CoreCivic, has the highest rate of Assualts
of Any prison or facility. The Federal Bureau
of Prisons, stated in newspaper Commercial Appeals (Memphis)
on December 23, 2016 that work-hour methods
were inappropriate with General Correctional
Practices. CCA facility(s) are under staff in
Mississippi facility(s), Adam County. CCA facility(s) are
under staff AND improperly trained to deal with
a prisoner's needs of safety and protection!
CCA facility(s) are or fall short of doctors at most
facility(s), AND that is a violation to Health Staff,
Ratios Global. CCA facility(s) are very true
inhumane facilities! CCA Policies, wide spread customs
that is practiced through-out CCA's all over the U.S.
is A 95% failure according to myself AND the
rest of the United States, including the Federal
Bureau. CCA cant even protect their own staff
from Assualt, murder!!

James Craven v. CCA, 2006 Tenn. Lexis
973 (Tenn. Oct 26, 2006).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

Michael D. Robinson
_____
Plaintiff(s),

v.

Cherry LINDAMOOD
_____
Defendant(s).

Case Number _____

Judge _____

Magistrate Judge _____

— Failure To Protect —
_____
(Type of Pleading)

Cherry LINDAMOOD is the (WARDEN) for (CCA),
South Central Corr. Facility. Cherry LinDAMooD
violated CCA's policie(s) 14-4.4 (F) * Protection
from Personal Abuse, Verbal Abuse, Personal Injury,
Disease, Corporal Punishment, Property Damages
AND Harassment. Cherry LINDAMOOD aswell violated
the CCA-policy 14-4.4 (L) * Protection from
INMates/Residents, having power or Authority over
ANother Inmate/Resident. (All) inmates/Residents
will be supervised AND under the control of
trained staff or trained volunteers At (all) times.
IN NO case will AN inmate/Resident be given
Power of Authority over ANother Inmate/Resident.
Cherry LindAMooD (WArden), failed to protect —

myself the plaintiff from CCA-policy 14-4.4(F) Personal Injury, Verbal Abuse, Personal Abuse, Harassment. Cherry Lindamood also failed accordingly to policy 14-4.4(L) to CCA. Violation by CCA policy AND MY Eighth Amendment rights, because Bigbee was not being supervised AND under the control of trained staff or trained volunteers at (ALL) times.

- Roland v. Johnson, 856-F2D-764, 767-770 (6thcircuit 1988). The failure of Higher up CCA officials to train or supervise there Subordinates, establishes (Liability) for the Defendants Correction Corporation of America/Core Civic. This takes the form of Failure TO Promulgate Policies to Guide. Subordinates Conduct.

- Ingraham v. Wright, 430 U.S. 651 (1987). The defendants (WARDEN) Cherry Lindamood, have A constitutional (duty) to protect the inmate (plaintiff) Michael D. Robinson from harmful conduct of fellow inmates.

Michael D. Robinson
(Signature)

Michael D. Robinson
(Print Name)

South Central Corr. Facility.

P.O. Box 279 - 555 Forrest Ave.,

Clifton, TN. 38425
(Address & Telephone Number, if any)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the (pleading)_____
has been served on:

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____ ____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

on the _____ day of _____, 20____.

                              _____
                              Signature

Relief Requested: <u>Cherry Lindamood</u> (WARDEN)

CCA employee-Cherry Lindamood in its
<u>OFFicial Capacity</u> - Request in the (sum) of
5,000,000 million U.S. Dollars. Plaintiff seeks
compensatory AND punitive damages, As well in
pain AND suffering. To pay in the (sum) of
5,000,000 million U.S. Dollars for Post Traumatic -
Stress Disorder, Post Pardom Depression, Acute -
Stress Disorder, Recurring Nightmares; (All)
in OFFicial Capacity AND the Assualt (stabbing)
made me susceptible to multiple psychological-
Injuries.

Relief Requested: <u>Cherry Lindamood</u> (WARDEN)

CCA employee-Cherry Lindamood in its <u>Individual Capacity</u>-
Request in the (sum) of 5,000,000 million U.S. Dollars.
Plaintiff seeks compensatory AND punitive damages, As
well in pain AND suffering. To pay in the (sum) of 5,000,000
million U.S. Dollars for Post Traumatic Stress Disorder,
Post Pardom Depression, Acute Stress Disorder,
Recurring Nightmares; (All) in <u>Individual Capacity</u>
AND the Assualt (stabbing) made me susceptible
to multiple psychological Injuries.

## Statement of Facts

- Claims in Official Capacity Against CCA employee (Warden) Cherry Lindamood. Failure To Protect, Violation of A prisoner's rights under the cruel and unusual punishments clause of the Federal Constitution's Eighth Amendment. Under - 42 U.S.C. § 1983 Civil Rights Under -28 U.S.C. § 1915 (A).

- Ingraham v. Wright, 430 U.S. 651 (1987). The defendants have a constitutional Duty to protect the inmates (Plaintiff) from harmful conduct of fellow inmates.

- Roland v. Johnson, 856-F2D-764, 767-770 (6th Circuit 1988). The Failure of Higher up CCA-officials to train or supervise there Subordinates, establishes Liability for the Defendant Corrections Corporation of America/Core Civic. This takes the form of Failure To Promulgate Policies To Guide Subordinates Conduct.

- Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 1982-84 (1994). A prisoner who is in danger need not wait until an assualt has occurred before obtaining relief. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Continued in Official Capacity

○ Farmer v. Brennan, 511 U.S. 825-844-114 5 ct. 1970 (1994). The Constitution requires Prison and Jail officials to provide reasonable safety for prisoners.

○ Farmer v. Brennan, 511 U.S. AT 845-1970(1994). Prison officials must take reasonable measures to protect prisoners from Assualt by other inmates. If they fail to do so, courts have awarded damages to injured prisoners, AND Injuctions to prisoners in Danger. A prisoner Need NOT wait until AN Assualt has occurred before obtaining injuctive relief, in the plaintiffs plight.

• Kentucky v. Graham, 473 U.S. 159, 166 (1985). Plaintiff must show that CCA's "" "policy or custom"... played A part in the violation of the Federal law."

# Statement of Facts

- Claims in Individual Capacity Against CCA employee (WARDEN) Cherry Lindamood. Failure To Protect, violation of a prisoner's rights under the cruel and unusual punishments clause of the Federal Constitution's Eighth Amendment. Under-42 U.S.C. § 1983 Civil Rights Under- 28 U.S.C. § 1915 (A).

- Ingraham v. Wright, 430 U.S. 651 (1987). Txs The defendants have a constitutional Duty to protect the inmates (plaintiff) from harmful conduct of fellow inmates.

- Roland v. Johnson, 856-F2D-764, 767-770 (6th Circuit 1988). The failure of Higher up CCA-officials to train or supervise there Subordinates, establishes Liability for the Defendant Corrections Corporation of America /Core Civic. This takes the form of Failure To Promulgate Policies To Guide Subordinates Conduct.

- Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1982-84 (1994). A prisoner who is in danger need not wait until an assault has occurred before obtaining relief. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

## Continued in Individual Capacity

- Farmer v. Brennan, 511 U.S. 825-844-114 5 ct. 1970 (1994). The Constitution requires Prison and Jail Officials to provide reasonable safety for prisoners.

- Farmer v. Brennan, 511 US. at 845-1970 (1994). Prison officials must take reasonable measures to protect prisoners from Assualt by other inmates. If they fail to do so, courts have awarded damages to injured prisoners, and Injunctions to prisoners in Danger. A prisoner need not wait until an Assualt has occurred before obtaining injuctive relief, in the plaintiffs plight.

- Kentucky v. Graham, 473 U.S. 159, 166 (1985). Plaintiff must show that CCA's ""policy or custom"... played a part in the violation of the federal law."

CCA Policies Violated in OFFicial Capacity.
- By(Warden)Cherry Lindamood-
- Demostration-

CCA Employee(Warden) Cherry Lindamood-
violated policy 14-4.4-F * Protection from
Personal Abuse, Verbal Abuse, Personal Injury,
Disease, Corporal Punishment, Property Damages
AND Harassment.

Michael D. Robinson was not protected from
Personal Injury and Harassment, Verbal Abuse,
Personal Abuse on May 5, 2016 by her selected
supervisor held responsible for the safety and
protection of the inmates.(Warden)Lindamood
is fully responsible for her staff and their actions.
Warden Lindamood is accountable for the failure
to protect by her staff at South Central.

CCA employee(Warden) Cherry Lindamood-
violated policy 14-4.4-L * Protection from
Inmates/Residents, having power or authority
over another Inmate/Resident. All inmates/Residents
will be supervised and under the control of
trained staff or trained volunteers at All times.
In no case will an inmate/Resident be given
Power of Authority over another Inmate/Resident.

CCA Policies Violated in OFFicial Capacity.
— By (WARDEN) Cherry LINDAMOOD —
— Demonstration Continued —

Michael D. Robinson, protection from Personal
Injury, was violated by CCA Policy AND the
Eighth AMENDMENT, because inmate Bigsbee
was not being supervised AND under the control
of trained staff or trained volunteers At ALL
times. It CAN be inferred that the defendants
(Warden) Lindamood, Lt. WARD failed to properly
protect the plaintiff as they were required
to do.

CCA/Core Civic - Policy 14-4.4L

CCA Policies Violated in Individual Capacity.
— By (WARDEN) Cherry LINDAMOOD —
— Demonstration —

CCA employee (WARDEN) Cherry LINDAMOOD —
violated policy 14-4.4-F * Protection from
Personal Abuse, Verbal Abuse, Personal Injury,
Disease, Corporal Punishment, Property DAMAGES
AND Harassment.

Michael D. Robinson WAS NOT protected from
Personal Injury AND Harassment, Verbal Abuse,
Personal Abuse ON MAY 5, 2016 by her selected
supervisor held responsible for the safety AND
protection of the inmates. (WARDEN) LINDAMOOD
is fully responsible for her staff AND their
Actions. WARDEN Lindamood is held accountable
for the failure to protect by her staff At
South Central.

CCA employee (WARDEN) Cherry LINDAMOOD —
violated policy 14-4.4-L * Protection from
INMATES/Residents, having power or authority
over ANother INMATE/Resident. ALL INMATES/
Residents will be supervised AND under the
control of trained staff or trained volunteers
At ALL times. IN NO CASE will AN INMATE/Resident
be given Power of Authority over ANother INMATE/Resident.

CCA Policies Violated in Individual Capacity.
- By (WARDEN) Cherry LINDAMOOD -
- Demonstration Continued -

Michael D. Robinson, Protection from Personal Injury, WAS violated by CCA Policy AND the Eighth Amendment, because inmate Bigsbee WAS NOT being supervised AND under the control of trained staff or trained volunteers At all times. It can be inferred that the defendants (WARDEN) LINDAMOOD, Lt. WARD failed to properly protect the plaintiff as they were required to do.

CCA/Core Civic - Policy 14-4.4L

In Order to Establish an Eighth-Amendant Claim, an inmate must satisfy a two-prong test:

(1). The deprivation alleged must be objectively serious;

(2). I advised the yard supervisor on May 5, 2016 at approx. 3:00 p.m. in plain view outdoors between the chow hall and my unit. I advised the Lt. Ward standing out in the middle of the front yard; I Approached him in the middle of the yard and stated to the yard superviser; Lt. Ward for the day of May 5, 2016. I was about to become robbed and stabbed by a inmate name Bigsbee upon my returning to the unit from chow. But (Lt. Ward) stated tuck your shirt in, and get off (my) grass. Lt. Ward simply ignored my warning.

This deprivation alleged is objectively serious; in its Official Capacity and its Individual Capacity.

In Order to Establish an Eighth Amendment Claim, an inmate must satisfy a two-prong test:

(2). The official responsible for the deprivation must have exhibited Deliberate Indifference to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

Deliberate Indifference; Failure To Protect-I Advised staff (Ward), that I was about to become robbed and stabbed by a inmate name Bigsbee upon my returning to the unit from chow. But (Ward) stated tuck your shirt in and get off (my) grass. Lt. Ward simply ignored my warning. I returned to my unit and was assualted and robbed in the (middle) of the unit in plain sight to the entire unit, and c/o to witness this assualt. Pelco-Video Monitor witnessed the assualt too. Lt. Ward exhibited Deliberate-Indifference to my safety. Lt. Ward were negligent and showed obvious reckless disregard, to my safety because I advised Lt. Ward of this potential assualt, but Lt. Ward knowingly chose to disregard my plea for protection, and thereby failed to act reasonably to protect myself from said assualt. Lt. Ward showed Deliberate Indifference to my safety under Official and Individual Capacity.

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF TENNESSEE

Michael D. Robinson )
Plaintiff(s), )
)
)
v. )
)
Shane McClain )
Defendant(s). )

Case Number _____

Judge _____

Magistrate Judge _____

## — Failure To Protect —
### (Type of Pleading)

Shane McClain is the Chief of Security for
CCA/CoreCivic-South Central Corr. Facility. The
Assualt on my life, was a violation of CCA-policy 14-4.4(F).
Protection from Personal Abuse, Verbal Abuse,
Personal Injury, Disease, Corporal Punishment,
Property Damages AND Harassment. Shane McClain
aswell violated CCA policy 14-4.4(L). Protection
from Inmates/Residents, having power or Authority
over Another Inmate/Resident. (All) inmates/Residents
will be supervised AND under the control of trained
staff or trained volunteers At (All) times. In
No case will AN inmate/Resident be given Power
of Authority over Another Inmate/Resident.
Shane McClain (Chief of Security) failed to —

protect myself the plaintiff from CCA-policy 14-4.4(F) ("Personal Injury), Verbal Abuse, Personal Abuse, Harassment. Shane McClain also failed accordingly to CCA-policy 14-4.4(L). By CCA policy AND the Eighth Amendment rights, to be protected from inmate assualt, part of the rights under the cruel AND unusual Punishments "clause" of the Federal Constitution's Eighth-Amendment. Furthermore Mr. Bigbee was not being supervised AND under the control of trained staff or trained volunteers at (all) times! Chief of-Security failed to do daily shake downs for weapons! & Chief of Security failed to Promulgate Policies concerning security breech - (Doors Rigged up in - Gremini A-pod). Shane McClain - Chief of Security-failed to come speak to the plaintiff of how this assualt happen without Gemini A-pod officer not recognizing the assualt in the (middle) of the pod. Shane McClain - Chief of Security - Also violated CCA-policy 14-4.4 * This policy provides a reasonable (security) for inmates! Chief of Security - Shane McClain failed to do his job completely around the clock.

Michael D. Robinson
(Signature)

Michael D. Robinson
(Print Name)

South Central Corr. Facility
555 Forrest Ave. P.O. Box 279
Cliftons, TN. 38425
(Address & Telephone Number, if any)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the (pleading)_____
has been served on:

(Name)        _____
(Address)     _____
(Address)     _____

(Name)        _____
(Address)     _____
(Address)     _____

(Name)        _____
(Address)     _____
(Address)     _____

(Name)        _____
(Address)     _____
(Address)     _____

(Name)        _____
(Address)     _____
(Address)     _____

(Name)        _____
(Address)     _____
(Address)     _____

(Name)        _____
(Address)     _____
(Address)     _____

(Name)        _____
(Address)     _____
(Address)     _____

(Name)        _____
(Address)     _____
(Address)     _____

on the _____ day of _____, 20____.

                                    _____
                                    Signature

- Defendant (s) Against whom this lawsuit is being brought:

- Name of Third Defendant: SHANE McClain
- Place of employment of the third defendant: CCA/ Core Civic-South Central Correctional Facility.
- Third Defendant's Address: South Central Correctional Facility. 555 Forrest Avenue. P.O. Box 279, Clifton, TN. 38425

- Named in Official Capacity? ✓ yes ___ NO
- Named in Individual Capacity? ✓ yes ___ NO

# Statement of Facts

- <u>Claims in Official Capacity against CCA employee</u>
<u>(Chief of Security) Shane McClain. Failure To Protect,</u>
violation of a prisoner's rights under the cruel-
and unusual punishments clause of the
Federal Constitution's Eighth Amendment.
Under- 42 U.S.C. § 1983 Civil Rights
Under- 28 U.S.C. § 1915 (A).

- <u>Ingrahamm v. Wright,</u> 430 U.S. 651 (1987).
The defendants have a constitional duty to
protect the inmates (plaintiff) from harmful
conduct of fellow inmates.

- <u>Roland v. Johnson,</u> 856 - F2D - 764, 767-770
(6th Circuit 1988). The Failure of Higher up CCA officials
to train or supervise there Subordinates,
establishes Liability for the Defendants
Corrections Corporation of America/Core Civic. This
takes the form of Failure To Promulgate Policies
To Guide Subordinates Conduct.

- <u>Kentucky v. Grnham,</u> 473 U.S. 159, 166 (1985).
Plaintiff must show that CCA's "'policy or
custom'".... played A part in the violation of
the Federal Law. <u>Farmer v. Brennan,</u> 511 U.S. 825,
834 (1994).

# Statement of Facts

- Claims in Individual Capacity against CCA employee (Chief of Security) Shane McClain. Failure To Protect, Violation of a prisoner's rights under the cruel and unusual punishments clause of the Federal Constitution's Eighth Amendment. Under - 42 U.S.C. § 1983 Civil Rights Under - 28 U.S.C. § 1915 (A).

- Ingraham v. Wright, 430 U.S. 651 (1987). The defendants have a constitional duty to protect the inmates (plaintiff) from harmful conduct of fellow inmates.

- Roland v. Johnson, 856 - F 2D - 764, 767-770 (6th Circuit 1988). The failure of Higher up CCA officials to train or supervise there Subordinates, establishes Liability for the Defendants Corrections Corporation of America/CoreCivic. This takes the form of Failure To Promulgate Policies To Guide Subordinates Conduct.

- Kentucky v. Graham, 473 U.S. 159, 166 (1985). Plaintiff must show that CCA's "policy or custom" ... played a part in the violation of the Federal Law. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

CCA Policies Violated in Official Capacity.
 -By (Chief of Security) Shane McClain -
   - Demonstration -

CCA employee Shane McClain-violated the
policy 14-4.4 (F) * Protection from Personal Abuse,
Verbal Abuse, Personal Injury, Disease, Corporal-
Punishment, Property Damages and Harassment.

Michael D. Robinson was not protected from
Personal Injury and Harassment, Verbal Abuse,
Personal Abuse on May 5, 2016 by CCA/Core Civic
South Central Corr. Facilities, Chief of Security
Shane McClain's position. Security in Gemini A-pod
was a failure for the day of May 5, 2016. The cell
doors where (all) rigged-up to easily enter in and
out of each cell block top and bottom walk. The
Plaintiff was assualted by stab wounds out in the
(middle) of the Gemini A-pod. How did the plaintiff
(inmate) make it (into) his cell 126 to only be found
lying on the floor of his cell in a pool of blood
if security was intact? No officer was present for
the assualt or to open cells 126 or 230 for the victim
and the aggressor. Therefore security was a complete
failure upon Shane McClain's position as the
"Chief" of Security. As well supervision was a
failure accordingly to CCA policy 14-4.4 (L).
Inmates/Residents were not under the control

CCA Policies Violated in OFFicial Capacity.
- By (Chief of Security) Shane McClain -
- Demonstration Continued -

of trained staff or trained volunteers at (All) times.
Security WAS a failure Aswell accordingly AGAIN
to CCA-policy 14-4.4(L).*Protection from
Inmates/Residents, having power or Authority
over Another Inmates/Resident.(All) inmates/
Residents will be supervised AND under the
control of trained staff or trained volunteers
At All times. In NO case will AN inmate/Resident
be given Power of Authority over Another
Inmates/Residents. There is Also Another
CCA policy violated by the Chief of Security-
Shane McClain. CCA Policy 14-4.4 * This
policy provides a reasonable (SECURITY)
for inmates. I witnessed nothing reasonable
About this situation, or security for inmates.

CCA Policies Violated in Individual Capacity.
- By (Chief of Security) Shane McClain -
- Demonstration -

CCA employee Shane McClain-Violated the policy 14-4.4 (F) * Protection from Personal Abuse, Verbal Abuse., Personal Injury, Disease, Corporal-Punishment, Property Damages and Harassment.

Michael D. Robinson was not protected from Personal Injury and Harassment, Verbal Abuse, Personal Abuse on May 5, 2016 by CCA/Core Civic South Central Corr. Facilities, Chief of Security Shane McClain's position. Security in Gemini A-pod was a failure for the day of May 5, 2016. The cell doors where (All) Rigged-up to easily enter in and out of each cell block top and bottom walk. The plaintiff was assualted by stab wounds out in the (middle) of the Gemini A-pod. How did the plaintiff (inmate) make it (into) his cell 126 to only be found lying on the floor of his cell in a pool of blood if security was intact? No officer was present for the assualt or to open cells, 126 or 230 for the victim and the aggressor. Therefore security was a complete failure upon the Shane McClain's position as the "Chief" of Security. As well supervision was a failure accordingly to

CCA Policies Violated in Individual Capacity.
- By (Chief of Security) Shane McClain -
- Demonstration Continued -

CCA-policy 14-4.4(L) * Inmates / Residents
were Not under the control of trained
staff or trained volunteers at (all) times.
Security was a failure aswell accordingly again
to CCA-policy 14-4.4(L) * Protection from
Inmates / Residents, having power or Authority
over Another Inmates / Resident. (All) inmates /
Residents will be supervised and under the
control of trained staff or trained volunteers
at (all) times. In no case will an inmate / Resident
be given Power of Authority over Another
Inmates / Residents. There is Also Another
CCA-policy violated by the Chief of Security-
Shane McClain. CCA-policy 14-4.4* This
policy provides a reasonable (security)
for inmates. I witnessed nothing reasonable
about this situation, or security for inmates.

Relief Requested: SHANE McClAIN

CCA employee-SHANE McClAIN in its OFFicial Capacity-
Request in the (sum) of 5,000,000 Million U.S. Dollars.
Plaintiff seeks compensatory and punitive damages,
As well in pain and suffering. To pay in the (sum)
of 5,000,000 Million U.S. Dollars for Post Traumatic-
Stress Disorder, Post Pardom Depression, Acute-
Stress Disorder, Recurring Nightmares; (All) in
OFFicial Capacity and the Assualt (stabbing)
Made me susceptible to multiple psychological Injuries.

Relief Requested: SHANE McClAIN

CCA employee-SHANE McClAIN in its Individual-
Capacity- Request in the (sum) of 500,000 Thousand
U.S. Dollars. Plaintiff seeks compensatory and
punitive damages, As well in pain and suffering. To
pay in the (sum) of 500,000 Thousand U.S. Dollars,
for Post Traumatic Stress Disorder, Post Pardom Disorder,
Acute Stress Disorder, Recurring Nightmares; (All)
in Individual Capacity and the Assualt (stabbing)
Made me susceptible to multiple psychological
Injuries.

In Order to Establish An Eighth Amendment Claim, An inmate must satisfy A two-prong test:

(1). The deprivation alleged must be objectively serious:

(2). The plaintiff was deprived of reasonable security before An assualt And during An assualt. The security of Gemini A-pod was deprived of Around the clock security cell door checks.

This deprivation alleged is objectively serious: in its Official Capacity And its Individual Capacity.

In Order To Establish an Eighth Amendment Claim, an inmate must satisfy a two-prong test:

(2). The official responsible for the deprivation must have exhibited Deliberate Indifference to the inmate's health or safety. FARMER V. BRENNAN, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

Failure to enter each unit as a Chief of Security to check locks daily; due to regular security tampering locks issues, would be a reason of Deliberate Indifference. Rigged doors have been an ongoing problem for South Central. The "door rigging issues", are so extreme A officer was assualted in 2014 behind door Riggs. Chief of Security Knows the extremely of this ongoing problem. But yet he does not make a daily security check in the units. This exhibits Deliberate Indifference, in its OFFicial and Individual Capacity.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

Michael D. Robinson
_____ Plaintiff(s), _____

v.

Lt. Ward
_____ Defendant(s). _____

)
)
)
)
)
)
)
)
)
)

Case Number _____

Judge _____

Magistrate Judge _____

― Failure To Protect ―
(Type of Pleading)

I advised the yard-supervisor Lt. Ward for
the day of May 5, 2016 of an upcoming assualt
and robbery in progress out on the yard in between
the chow-hall and the Gemini A-pod at approx.
(15:00 hrs. ― 3:00 p.m.) This would appear to
be true on Milestone and Pelco-Video Monitor for
the day of May 5, 2016 Thursday afternoon! The
Lt. Ward ignored my plea for protection from
this outstanding assualt (stabbing) and the
robbery that came about on my life due to
Lt. Ward's Failure To protect! This is a violation
of CCA / Core Civic policy 14-4.4(F) * Protection
from Personal Abuse, Verbal Abuse, Personal Injury,
Disease, Corporal Punishment, Property Damages

AND Harassment.

_Michael D. Robinson_
(Signature)

_Michael D. Robinson_
(Print Name)

_South Central Core. Facility._
_555 Forrest Ave. P.O. Box 279_
_Clifton, TN. 38425_
(Address & Telephone Number, if any)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the (pleading)_____
has been served on:

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

on the _____ day of _____, 20____.

                                    _____
                                    Signature

- Defendant(s) Against whom this lawsuit is being brought:

- Name of the fourth defendant: Lt. Ward
- Place of employment of the fourth defendant: CCA/ Core Civic - South Central Correctional Facility.
- Fourth Defendant's Address: South Central Correctional Facility. 555 Forrest Avenue. P.O. Box 279 - Clifton, TN. 38425

- Named in Official Capacity? ✓ yes ___ NO
- Named in Individual Capacity? ✓ yes ___ NO

Relief Requested: Lt. WARD

CCA employee- Lt. WARD in its OFFicial Capacity-
Request in the (sum) of 5,000,000 million U.S. Dollars.
Plaintiff seeks compensatory AND punitive damages,
As well in pain AND suffering. To pay in the (sum) of
5,000,000 million U.S. Dollars for Post Traumatic-
Stress Disorder, Post Pardom Depression, Acute-
Stress Disorder, Recurring Nightmares; (All) in
OFFicial Capacity AND the assualt (stabbing)
made me susceptible to multiple psychological Injuries.

Relief Requested: Lt. WARD

CCA employee- Lt. WARD in its Individual Capacity-
Request in the (sum) of 500,000 Thousand U.S. Dollars.
Plaintiff seeks compensatory AND punitive damages, As
well in pain AND suffering. To pay in the (sum) of
500,000 Thousand U.S. Dollars, for Post Traumatic-
Stress Disorder, Post Pardom Depression, Acute Stress-
Disorder, Recurring Nightmares; (All) in Individual-
Capacity AND the assualt (stabbing) made me
susceptible to multiple psychological Injuries.

Relief Requested for both Pleadings:
Failure To Protect
Deliberate Indifference

## Statement of Facts

- Claims in Official Capacity Against CCA employee
  _____, Lt. Ward), Failure To Protect,
  violation of a prisoner's rights under the
  cruel and unusual punishments clause of
  the Federal Constitution's Eighth Amendment.
  Under- 42 U.S.C. § 1983 Civil Rights
  Under- 28 U.S.C. § 1915 (A).

- Ingraham v. Wright, 430 U.S. 651 (1987). The
  defendants have a constitutional Duty to protect
  the inmates (Plaintiff) from harmful conduct
  of fellow inmates.

- Roland v. Johnson, 856-F.2D-764, 767-770
  (6th Circuit 1988.) The Failure of Higher up CCA-
  officials to train or supervise there Subordinates,
  establishes Liability for the Defendant CCA
  Corrections Corporation of America/CoreCivic. This
  takes the form of Failure To Promulgate Policies
  To Guide Subordinates Conduct.

- Farmer v. Brennan, 511 U.S. 825, 114 S. Ct.1970,
  1982-84 (1994). A prisoner who is in danger need
  not wait until an assualt has occurred before
  obtaining relief. Farmer v. Brennan, 511 U.S.825, 834 (1994).
  (1994).

## Continued in Official Capacity

• Farmer v. Brennan, 511 U.S. 825-844-114 S ct. 1970 (1994). The Constitution requires Prison and Jail officials to provide reasonable safety for prisoners.

• Farmer v. Brennan, 511 U.S. at 845-1970 (1994). Prison officials must take reasonable measures to protect prisoners from Assualt by other inmates. If they fail to do so, courts have Awarded damages to injured prisoners, and Injuctions to prisoners in Danger. A prisoner need not wait until an assualt has occurred before obtaining injuctive relief, in the plaintiff's plight.

• Kentucky v. Graham, 473 U.S. 159, 166 (1985). Plaintiff must show that CCA's policy or custom "... played a part in the violation of the federal law."

# Statement of Facts

• Claims in Individual Capacity against CCA employee
, Lt. Ward), Failure To Protect,
voilation of a prisoner's rights under the
cruel and unusual punishments clause of the
Federal Constitution's Eighth Amendment.
Under- 42 U.S.C. § 1983 Civil Rights
Under- 28 U.S.C. § 1915 (A).

• Ingraham v. Wright, 430 U.S. 651 (1987).
The defendants have a constitutional Duty to
protect the inmates (Plaintiff) from harmful
conduct of fellow inmates.

• Roland v. Johnson, 856-F2D-764, 767-770
(6th Circuit 1988). The Failure of Higher up CCA-
officials to train or supervise there Subordinates,
establishes Liability for the Defendant CCA-
Corrections Corporation of America/CoreCivic. This
takes the form of Failure To Promulgate Policies
To Guide Subordinates Conduct.

• Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970,
1982-84 (1994). A prisoner who is in danger need
not wait until an assualt has occurred before
obtaining relief. Farmer v. Brennan, 511 U.S. 825,
834 (1994).

## Continued in Individual Capacity

• Farmer v. Brennan, 511 U.S. 825-844-114 S. ct. 1970 (1994). The Constitution requires Prison and Jail Officials to provide reasonable safety for prisoners.

• Farmer v. Brennan, 511 U.S. AT 845-1970 (1994). Prison officials must take reasonable measures to protect prisoners from Assualt by other inmates. If they fail to do so, courts have awarded damages to injured prisoner's, and Injuctions to prisoners in Danger. A prisoner need not wait until an assualt has occurred before obtaining injuctive relief, in the plaintiff's plight.

• Kentucky v. Graham, 473 U.S. 159,166(1985). Plaintiff must show that CCA's """policy or custom"... played a part in the violation of the federal law."

CCA Policies Violated in OFFicial Capacity.
  - By ___, Lt. WARD -
    - Demonstration-

CCA employee ___, Lt. WARD - violated
policy 14-4.4-F * Protection from Personal Abuse,
Verbal Abuse, Personal Injury, Disease,
Corporal Punishment, Property DAMAGES AND
HARASSMENT.

Michael D. Robinson WAS NOT protected from
Personal Injury AND Harassment, Verbal Abuse,
Personal Abuse oN MAY 5, 2016 by yard-supervisor
___, Lt. WARD!! ___, Lt. WARD is held
responsible for his reckless ACTIONS.
Lt. WARD is held Accountable for the failure
to protect inmates At South Central Corr. Facility.

CCA employee ___, Lt. WARD - violated
policy 14-4.4-L * Protection from Inmates/Residents,
having power or Authority over ANother Inmate/
Resident. All inmates/Residents will be supervised
AND under the control of trained staff OR
trained volunteers At All times. In No case
will AN inmate/Resident be given Power of
Authority over ANother Inmate/Resident.

CCA Policies Violated in OFFicial Capacity.
-By, Lt. Ward-
-Demonstration- Continued

• Michael D. Robinson, protection from
Personal Injury, was violated by CCA Policy
AND the Eighth Amendment, because inmate
Bigsbee was not being supervised AND
under the control of trained staff or
trained volunteers at all times. It can
be inferred that the defendants.
Lt. Ward) Warden Lindamood, failed
to properly protect the plaintiff as they were
required to do.

• CCA/CoreCivic- Policy 14-4.4 L

CCA Policies Violated in Individual Capacity.
-By ........, Lt. Ward -
-Demonstration-

CCA employee ......., Lt. Ward -Violated
policy 14-4.4-F * Protection from Personal Abuse,
Verbal Abuse, Personal Injury, Disease,
Corporal Punishment, Property Damages
AND Harassment.

Michael D. Robinson was not protected from
Personal Injury AND Harassment, Verbal Abuse,
Personal Abuse on May 5, 2016 by Yard-supervisor
........., Lt. Ward!   Lt. Ward is held
responsible for his reckless Actions.
Lt. Ward is held Accountable for the failure
to protect inmates At South Central Corr. Facility.

CCA employee ......., Lt. Ward -Violated
policy 14-4.4-L * Protection from Inmates/Residents,
having power or Authority over Another Inmate/Resident.
All inmates/Residents will be supervised
AND under the control of trained staff or
trained volunteers At All times. In no case
will an inmate/Resident be given Power of
Authority over Another Inmate/Resident.

CCA Policies Violated in Individual Capacity.
- By          Lt. Ward -
- Demonstration Continued -

Michael D. Robinson, protection from
Personal Injury, was violated by
CCA Policy AND the Eighth Amendment,
because inmate Bigsbee was not being
supervised AND under the control of
trained staff or trained volunteers At
All times. It can be inferred that the
defendants (          Lt. Ward, Warden
Lindamood failed to properly protect
the Plaintiff as they were required to do.

CCA/Core Civic - Policy 14-4.4L

# Eighth AMENDMENT - TWO-PRONG Test

(1). The deprivation alleged must be objectively serious;

(2). I advised the yard supervisor on MAY 5, 2016 at approx. 3:00 p.m. (15:00 hrs) in plain view outdoors between the chow hall AND MY UNIT. I advised the Lt. WARD standing out in the middle of the front yard; I approached him in the middle of the yard AND stated to the yard supervisor; Lt. WARD for the day of MAY 5, 2016. I was about to become robbed AND stabbed by A inmate name Bigsbee upon MY returning to the unit from chow. But (Lt. WARD) stated fuck your shirt in, AND get off (MY) grass. Lt. WARD simply ignored MY WARNING.

• This deprivation Alleged is objectively serious; in its OFFicial Capacity AND its Individual Capacity.

Eighth Amendment - Two-Prong Test

(2). The official responsible for the deprivation must have exhibited Deliberate Indifference to the inmate's health or safety. FARMER V. BRENNAN, 511 U.S. 825, 832, 114 S.Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

• Deliberate Indifference; Failure To Protect - I Advised staff (WARD), that I was about to become robbed AND stabbed by A inmate NAME Bigsbee upon my returning to the unit from chow. But (WARD) stated tuck your shirt in, AND get off (my) grass! Lt. WARD simply ignored my WARNING. I returned to my unit AND was Assualted AND robbed in the (Middle) of the unit in plain sight to the entire unit, AND C/O to witness this Assualt. *Pelco-Video Monitor witnessed the Assualt too. Lt. Ward exhibited Deliberate Indifference to my safety. Lt. WARD were Negligent AND showed obvious reckless disregard, to my safety. I advised Lt. WARD of this potential Assualt, but Lt. Ward Knowingly chose to disregard my plea-

## Eighth Amendment - Two-Prong Test
### - Continued -

• - for protection, AND thereby failed to Act reasonably to protect myself from said Assualt. Lt. Ward showed Deliberate Indifference to my safety under Official AND Individual Capacity.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

Michael D. Robinson )
_____ Plaintiff(s), )
)                    Case Number _____
v. )
)                    Judge _____
Lt. Ward )
_____ Defendant(s). )                 Magistrate Judge _____

## – Deliberate Indifference –
(Type of Pleading)

I advised staff (Lt. Ward) on May 5, 2016 that I was
about to become robbed and stabbed by a inmate name
Bigbee upon my returning to the unit Gemini A-pod,
from chow-hall. But Lt. Ward, stated tuck your shirt
in, and get off (my) grass! Lt. Ward simply ignored
my warning. I returned to my unit and was (assualted)
and robbed in the (middle) of the unit in plain sight
to the entire unit, and the C/O witness this assualt.
Milestone and Pelco Video Monitor will show the footage
of myself speaking (advising) Lt. Ward out on the
Big yard inbetween the chow-hall and the
Gemini A-pod; for the day of May 5, 2016 at
approx. 15:00 hrs. – (3:00 p.m.) of the potential
assualt and Robbery. Lt. Ward exhibited ——

Deliberate Indifference to my safety. Lt. WARD were negligent AND show obvious reckless disregard, to my safety. I advised Lt. WARD of this potential assualt on my life, but Lt. WARD knowingly chose to disregard my plea for protection, AND thereby failed to act reasonably to protect myself from said assualt. (Lt. WARD) showed-Deliberate Indifference- to my safety under OFFicial AND Individual Capacity.

_Michael D. Robinson_
(Signature)

_Michael D. Robinson_
(Print Name)

_South Central Corr. Facility._
_555 Forrest Ave. P.O. Box 279_
_Clifton, TN. 38425 - 0279_
(Address & Telephone Number, if any)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the (pleading)_____
has been served on:

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

(Name)          _____
(Address)       _____
(Address)       _____

on the _____ day of _____, 20____.

_____
Signature

# Statement of Facts

- Claims in Official Capacity Against CCA employee
  ; Lt. Ward, Deliberate Indifference,
  Violation of a prisoner's rights under the cruel
  And unusual punishments clause of Federal
  Constitution's Eighth Amendment.
  Under - 42 U.S.C. § 1983 Civil Rights
  Under - 28 U.S.C. § 1915 (A).

- Ingraham v. Wright, 430 U.S. 651 (1987).
- McGhee v. Foltz, 852 F.2d 876, 880-881
  (6th Circuit 1988). Thus, A constitutional violation occurs
  when a prison official has been Deliberately Indifferent,
  to the plaintiffs (risk) of injury.

- Jet v. Penner, 439 F.3D 1091-1098 (9th Cir. 2006).
  Prison Administratives are (liable) for —
  Deliberate Indifference, when they Knowingly
  fail to respond to an inmates request for help.

- Kentucky v. Graham, 473 U.S. 159, 166 (1985).
  Plaintiff must show that CCA's policy or custom"...
  played a part in the violation of the federal law."

# Statement of Facts

• Claims in Individual Capacity against CCA employee; Lt. Ward, Deliberate Indifference, Violation of A prisoner's rights under the cruel and unusual punishments clause of Federal Constitution's Eighth Amendment. Under - 42 U.S.C. § 1983 Civil Rights Under - 28 U.S.C. § 1915 (A).

• McGhee v. Foltz, 852 F.2d 876, 880-881 (6th Circuit 1988). Thus, A constitutional violation occurs when A prison official has been Deliberately Indifferent, to the plaintiffs (risk) of injury.

• Jet v. Penner, 439 F.3D 1091-1098 (9th Cir. 2006). Prison Administratives are (liable) for Deliberate Indifference, when they Knowingly fail to respond to an inmates request for help.

• Kentucky v. Graham, 473 U.S. 159, 166 (1985). Plaintiff must show that CCA's policy or custom "... played A part in the violation of the Federal law."

CCA Policies Violated in OFFicial Capacity.
- By : , Lt. WARD -
- Demonstration -

○ CCA employee ( , Lt. WArD - violated
policy 14 - 4.5 Procedure A.* The WARdeN /
Administrator or Designee will investigate ANY
Allegations of A violation of this policy.

○ CCA employee , Lt. WArD - violated
policy 14 - 4.5 Procedure B. * ANy staff member
found violating the rights of inmates / Residents,
set forth in this policy will face possibly
Disciplinary Actions up to AND including termination
of employment.

○ CCA employee Lt. WArD - violated
policy 14 - 4.4 * This policy provides a reasonable
security for inmates.

○ CCA employee , Lt. WArD - violated
policy 14 - 4.4 (F) * Protection from Personal -
Abuse, Verbal Abuse, Personal Injury, Disease,
Corporal Punishment, Property Damages AND -
Harassment.

CCA Policies Violated in OFFicial Capacity.
- By _____, Lt. WARD -
- Demonstration -

CCA employee _____, Lt. WARD did not investigate
my said allegations of Another inmates threats
to do harm to myself. This is a violation of
CCA-policy 14-4.5 Procedure (A).

CCA employee _____, Lt. WARD also violated my
constitutional rights; to be protected from inmate
Assualt. This is A violation of CCA-policy 14-4.5
procedure (B). - CCA-policy 14-4.4(F).

CCA employee _____, Lt. WARD did aswell not
provide a reasonable security behind this
request for protection. This is A violation of CCA-
policy 14-4.4.

CCA Policies Violated in Individual Capacity.
- By _____, Lt. WARD -
- Demonstration -

- CCA employee: _____, Lt. WARD - violated policy 14-4.5 Procedure A.* The Warden/Administrator or Designee will investigate ANY allegations of A Violation of this policy.

- CCA employee _____, Lt. WARD - violated policy 14-4.5 B procedure * ANY staff member found violating the rights of inmates/Residents, set forth in this policy will face possibly Disciplinary Actions upto AND including termination of employment.

- CCA employee _____, Lt. WARD - violated policy 14-4.4 * This policy provides a reasonable security for inmates.

- CCA employee _____, Lt. WARD - violated policy 14-4.4(F) * Protection from Personal Abuse, Verbal Abuse, Personal Injury, Disease, Corporal-Punishment, Property Damages AND Harassment.

CCA Policies Violated in Individual Capacity.
-By          , Lt. WARD -
- Demonstration -

CCA employee (          , Lt. WARD did not investigate
my said allegations of Another inmates threat's
to do harm to myself. This is A violation of
CCA-policy 14-4.5 Procedure (A).

CCA employee (          , Lt. WARD Also violated my
constitutional rights; to be protected from inmate
Assualt. This is A violation of CCA-policy 14-4.5
procedure (B). - CCA-policy 14-4.4 (F).

CCA employee (          , Lt. WARD did as well not
provide a reasonable security behind this
request for protection. This is a violation of
CCA-policy 14-4.4.

# Eighth Amendment - Two-Prong Test

(1). The deprivation Alleged must be objectively serious;

(2). I advised the yard supervisor on May 5, 2016 at approx. 3:00 (15:00 hrs.) in plain outdoor view between the chow-hall AND my unit. I advised the Lt. Ward standing out in the middle of the front yard; I approached him in the middle of the front yard; I approached him in the middle of the yard AND stated to the yard supervisor; Lt. Ward for the day of May 5, 2016. I was about to become robbed AND stabbed by a inmate name Bigbee upon my returning to the unit from chow. But (Lt. Ward) stated tuck your shirt in, AND get off (my) grass. Lt. Ward simply ignored my Warning.

(3). This deprivation alleged is objectively serious; in its Official Capacity AND Individual Capacity.

# Eighth Amendment - Two-Prong Test

• (2). The official responsible for the deprivation must have exhibited Deliberate Indifference to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 832, 114 S.ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

• Deliberate Indifference; Failure To Protect - I advised staff (WARD), that I was about to become robbed AND stabbed by A inmate name Bigbee upon my returning to the unit from chow. But (WARD), stated tuck your shirt in, AND get off (MY) grass! Lt. WARD simply ignored my warning. I returned to my unit AND WAS Assualted AND robbed in the (Middle) of the unit in plain sight to the entire unit, AND the C/O to witness this Assualt. Milestone Video Monitor AND Pelco-Video Monitor witnessed the assualt too. Lt. WARD exhibited Deliberate-Indifference to my safety. Lt. WARD were Negligent AND show obvious reckless disregard, to my safety. I advised Lt. WARD of this potential Assualt, but Lt. WARD Knowingly chose to disregard my plea for protection, AND thereby failed to Act reasonably to protect myself from said -

Eighth Amendment - Two-Prong Test
- Continued -

- Assualt. Lt. Ward showed Deliberate Indifference
to my safety under Official and Individual
Capacity.

10 #

FORM 14-6A
Revised 02/01/02

Claim # _____

## CORRECTIONS CORPORATION OF AMERICA

## LOST/STOLEN PERSONAL PROPERTY CLAIM

1. CLAIMANT: Michael Robinson  CLAIMANT'S NUMBER 232452
2. HOUSING ASSIGNMENT: HB-213  DATE OF LOSS: 5-5-2016
3. Circumstances which resulted in the loss of personal property:

I was stabbed (6) times, on May 5, 2016 in BA pod. Then I was robbed of my property while I was in medical. Never recieved my commisary or new sneakers (Reeboks). I suppose they took my things out of my cell BA-126, while I was in medical. Dont Know exactly when they took my things on 5-5-16. But it would for Sure be on Pelco-Video Monitor who took it.

4. Description and value of items lost:

Commisary was delivered on the 5th of May. Total Amount spent was $39.02. Total Amount recieved was $39.02. Have trust fund to show Amount taking off Account for commisary on May 3, 2016. Took commisary in cell BA-126 never brought any back out of cell. Also brand new sneakers (Reeboks) where stolen as well on 5-5-2016 After my stabbing took place in BA-pod. Have reciept of shoes. ($65.80) On Pelco-Video.

5. Attach to this document any proof of ownership or proof of value available.

Signature of Claimant Michael Robinson  Date Submitted 5-26-2016

## RESULTS OF INVESTIGATION

DENIED:
____ Records were reviewed and no proof of ownership is indicated.
____ Unallowable item at this institution.
____ Item illegally obtained.
____ Investigation reveals loss resulted from barter, gambling, or sale
____ Investigation has proved the claim invalid or unsubstantiated.
____ Loss resulted from irresponsibility on inmate/resident's part to keep personal items secured.
____ Other: _____

APPROVED:
____ Issue items are being offered as replacement for the items reported missing.
____ Monetary settlement in the amount of $ _____ will be processed.
____ Other: _____

Investigating Officer: _____  Date Completed: _____

Signature of Inmate: _____  Number: _____ Date: _____

Warden/Administrator or Designee's Signature: _____
(IF REPLACEMENT OR REIMBURSEMENT IS WARRANTED)

Copy to: Inmate
Inmate File
Property File

(1) CLAIMANT: Michael Robinson -CLAIMANTS No# 232452

(2) Housing: HB-213        DATE of LOSS: 5-5-2016

(3) I WAS stabbed (6) times, ON MAY 5, 2016 in BA-POD. Then I WAS robbed of my property while I WAS in medical. Never recieved MY commisary or new sneakers (Reeboks). I suppose they took my things out of my cell BA-126, while I WAS in medical. Dont Know exactly when they took my things on 5-5-16. But it would for sure be on Pelco-Video Monitor who took it.

(4) Commisary WAS delivered on the 5th of MAY. Total AMOUNT spent WAS $39.02. Total AMOUNT recieved WAS $39.02. Have trust funds to show AMOUNT taking out of Account for commisary on MAY 3, 2016. Took commisary in cell BA-126 never brought any back out of cell. Also brand new sneakers (Reeboks), where stolen as well on 5-5-2016 After my stabbing took place in BA-POD. Have reciept of shoes. $65.80 - ON Pelco Video Monitor who took shoes too.

(5) Signature: Michael Robinson          (1) Date Submitted: 5/26/2016
                                        (2) Date Submitted: 7/3/2016
                                        (3) Date Submitted: 7/5/2016

Also →
NOTE: (6) C.O. Smith At 9:10 P.M.
C.O. Garska in Skylab-HB-POD placed 213 mail in Mailbox on Sunday- 7-3-2016. At 7:50 A.M. ON Pelco-Video Monitor..

HSA INFORMATION REQUEST FORMS

3rd Request for: Internal Affairs (I.A.)            Date: 7-14-2016

Name: Michael Robinson Number: 232452    Housing Assignment: HB-213

Request: I need to Know why is it that the guy who stabbed me on May 5, 201 is not An incompatible on me? Here it is July 14, 2016 on incompatible print-out and his name Rooseltvelt Bigsbee Jr. is not on there. Is this A set-up for him to finish A Attempt to take my life?? I need him to be listed As AN incompatible A.S.A.P. I Also need A copy of him as my incompatible please

Response: Forwarded to Warden Bryant for Review.           JDC Tui

7/15/16

3:09 p

Staff Signature: _____

Michael Robinson #232452
S.C.C.F.
P.O. Box 279
Clifton, TN. 38425
SkyLab-HB-213

In House Mail
10#

C.C.A.

Lost/Stolen Personal Property
Claim.

Note: C/O Smith placed this letter in Skylab-HB-pod- mailbox on 7-3-2016. The time she C/O Smith placed this letter in mailbox is 9:10pm. All recorded on Peleo-Video Monitor IN Skylab-HB-213.

#10